1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENA FAYE PEREZ, | )  1:10cv0944 AWI DLB |
| | ) |
| | ) |
| Plaintiff, | )  FINDINGS AND RECOMMENDATIONS |
| | )  REGARDING PETITION FOR FEES |
| v. | ) |
| | )  (Document 21) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

17     This matter is before the Court on an application for attorneys' fees under the Equal

18  Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on March 27, 2012, by Plaintiff Rena

19  Faye Perez ("Plaintiff").  Defendant filed an opposition on April 5, 2011, arguing that the

20  Government's position was substantially justified and that the fee requested is unreasonable.

21  Plaintiff did not file a reply.[1]

22     The matter is currently before the Court on the parties' briefs, which were submitted,

23  without oral argument, to the Magistrate Judge for findings and recommendations to the District

24  Court.

25                              **BACKGROUND**

26     Plaintiff filed the instant Complaint challenging the denial of benefits on May 25, 2010.

27  _____

28     [1] On April 24, 2012, the Court approved the parties' stipulation to allow Plaintiff additional time to file a
    reply.  Plaintiff was given until May 3, 2012, but she has not filed a reply to date.

1    On March 3, 2011, the Court issued Findings and Recommendation that the appeal be

2    denied.  However, on December 27, 2011, the Court declined to adopt the Findings and

3    Recommendation in full and remanded the action.  While the Court adopted the findings with

4    respect to the credibility issue, it declined to adopt the findings with respect to the evaluation of

5    the opinions of the medical providers.  The Court remanded the action with instructions to

6    conduct further proceedings to evaluate and address the opinions of Drs. Halappa and Azevedo.

7    The Court entered judgment in Plaintiff's favor on December 27, 2011.

8    By this motion, Plaintiff seeks a total of $11,950.00 in attorneys' fees for 67.4 hours of

9    attorney time.

10   **DISCUSSION**

11   Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the

12   government demonstrates that its position in the litigation was "substantially justified," or that

13   "special circumstances make an award unjust."  28 U.S.C. § 2412 (d)(1)(A).  An award of

14   attorney fees must be reasonable.  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

15   "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award,

16   and charges that are not properly billable to a client are not properly billable to the government.

17   *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  A court has wide latitude in determining the

18   number of hours reasonably expended.  *Cunningham v. County of Los Angeles*, 879 F.2d 481,

19   484 (9th Cir. 1988).

20   To show substantial justification for conduct, the Commissioner has the burden of

21   establishing that the conduct had a reasonable basis both in law and fact based on the record of

22   both the underlying government conduct at issue and the totality of circumstances present before

23   and during litigation.  *Hardisty v. Astrue*, 529 F.3d 1072 (9th Cir. 2010); *Sampson v. Chater*, 103

24   F.3d 918, 921 (9th Cir. 1996).  The Commissioner is substantially justified if his position met

25   "the traditional reasonableness standard-that is 'justified in substance or in the main,' or 'to a

26   degree that could satisfy a reasonable person.'"  *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir.

27   2002) (internal citations omitted).  The Supreme Court has explained that "a position can be

28   justified even though it is not correct, and we believe it can be substantially ... justified ... if it has

2

a reasonable basis in law and fact." *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988)). The Commissioner's position must be substantially justified "with respect to the issue on which the court based its remand." *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995).

In the underlying litigation, the Magistrate Judge found that the ALJ properly rejected the opinions of Dr. Halappa and Dr. Azevedo. As to Dr. Halappa, the Court agreed with the ALJ's conclusion that his extreme restrictions were contrary to the other opinions and not supported by the medical record. As to Dr. Azevedo, the Court noted that the ALJ actually adopted many of Dr. Azevedo's findings in the RFC, and that his own examination rendered the remaining limitations questionable. The Court also found that although the ALJ did not address Dr. Azevedo's anxiety diagnosis, it did not affect the threshold step two finding because the ALJ was required to consider all limitations at the remaining steps of the sequential analysis.

The District Judge, however, disagreed with this analysis. The Court declined to adopt the Magistrate Judge's findings regarding the ALJ's analysis of the opinions of Dr. Halappa and Dr. Azevedo, and the remand was based on this issue. The Court found that the ALJ did not adequately explain how their opinions were unsupported or inconsistent with the medical record. It also found that although discrediting Dr. Halappa's opinion because it was based on Plaintiff's subjective complaints would be proper, the ALJ did not invoke this rationale. Finally, the Court stated that the ALJ's failure to discuss Plaintiff's anxiety and/or panic disorders "would seem" to affect several steps of the evaluation process.

Therefore, Defendant supported a position that was accepted by the Magistrate Judge, but not ultimately accepted by the Court. Defendant argues that where reasonable minds can differ, his position was substantially justified. The Court agrees. Indeed, the reviewing judges reached differing conclusions, demonstrating that the record was open to reasonable interpretation. "Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified. Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose. Nevertheless, a string of losses can be indicative; and even more so a string of successes." *Pierce,* 487 U.S. at 569; *see also Lewis*, 281 F.3d at

1084 (District Court could consider Magistrate Judge's decision in determining whether Commissioner was substantially justified).

Moreover, although the District Court found that the ALJ's rejection of the medical opinions was not adequately supported, there is no bright-line rule as to how specific an ALJ must be. For example, the Ninth Circuit has explained that the ALJ need not recite the incantation "I reject the treating physician's opinions because ..." so long as the record reveals specific, legitimate inferences that may be drawn from the ALJ's opinion justifying the decision not to adopt the treating physician's opinion. *Magallanes v. Bowen,* 881 F.2d 747, 755 (9th Cir. 1989). Using this principle in the Findings and Recommendation, the Magistrate Judge cited inconsistencies in evidence and Plaintiff's discredited subjective complaints, both of which are legitimate basis for discrediting medical opinions.

## **RECOMMENDATION**

Based on the foregoing, the Court finds that finds that Defendant's position was substantially justified. *Magallanes*, 881 F.3d at 755. Accordingly, the Court RECOMMENDS that Plaintiff's application for attorneys fees be DENIED.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **May 25, 2012**          **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE